# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| TYRONE & IN-CHING, LLC, | ) | Case No. 2:15-cv-00293-RFB-NJK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED** |
| | ) | REPORT AND |
| JPMORGAN CHASE BANK, N.A., et al., | ) | RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

On October 24, 2016, the Court granted a motion to withdraw as counsel for Plaintiff Tyrone & In-Ching, LLC.  Docket No. 54.  The Court also ordered Plaintiff to obtain new counsel and have that new counsel file a notice of appearance no later than November 23, 2016, as corporations may appear in federal court only through licensed counsel.  *See id.*; *see also United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).  On December 23, 2016, when Plaintiff had failed to comply with the original deadline, the Court ordered Plaintiff to show cause in writing, no later than January 13, 2017, why it should not be sanctioned and/or why the undersigned should not recommend dismissal of this case.  Docket No. 55.  The Court warned that if Plaintiff failed to comply with the order, the undersigned would recommend dismissal of this case.  *Id.*  To date, new counsel has not entered an appearance on behalf of Plaintiff.  Plaintiff has also failed to comply with the Court's December 23, 2016 order.  *See* Docket.

As a result, on January 18, 2017, the undersigned issued a report and recommendation, recommending that this case be dismissed without prejudice.  Docket No. 58.  On February 1, 2017, Defendants Greybeard Solo Corp 401K Trust and Willie Felton in his capacity as the Trustee of the Greybeard Solo Corp 401K Trust ("Defendants") filed a limited opposition to the undersigned's

report and recommendation.  Docket No. 59.  Defendants do not object to the dismissal of Plaintiff's claims; however, Defendants request that the Court preserve their counterclaims.  *Id*. at 2.

Magistrate judges are empowered to amend reports and recommendations to address arguments made in the briefing of objections.  *Frye v. Warden, San Quentin State Prison*, __ F. Supp. 3d ___, 2016 WL 4204518, at *4-6 (E.D. Cal. Aug. 9, 2016).  The Court therefore **AMENDS** its prior report and recommendation.  Docket No. 58.  For all of the reasons stated above, the Court **RECOMMENDS** the dismissal of all of Plaintiff's claims in the instant case.  The Court further **RECOMMENDS** that all pending counterclaims in the instant case remain.

IT IS SO ORDERED.

DATED: February 2, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

### **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).